IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            No. CV-05-0739 RB/ACT
                                                  CR-04-179 RB

JUAN CARLOS ARREOLA-CAMARGO,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 16) filed July 6, 2005. *See* 28 U.S.C. § 2255 R.4(b). On April 8, 2004, the Court entered judgment against Defendant, sentencing him to a 46-month prison term on his conviction for reentry by a deported alien previously convicted of an aggravated felony. *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2). Defendant did not appeal his conviction or sentence.

Defendant invokes the Supreme Court's recent decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the basis for challenging his sentence. *Blakely* applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts that are admitted or found by a jury beyond a reasonable doubt. *See Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536. In *Blakely* the Court set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. 124 S. Ct. at 2538. The more recent decision in *Booker*, 125 S. Ct. at 764 (2005), reaffirmed the

*Apprendi/Blakely* rule and declared the mandatory application of the United States Sentencing Guidelines unconstitutional.

These recent Supreme Court rulings are not available to Defendant on collateral review of his sentence. *See United States vs. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decisions in *Blakely* and *Booker* merely apply the previously announced rule from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *see Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536, and thus provide no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and those on direct review. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. Defendant is not entitled to relief under these decisions, *see* § 2255 R. 4(b), and the Court will dismiss his motion.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 16) filed July 6, 2005, is DISMISSED with prejudice; his motion to file memorandum (CV Doc. 2; CR Doc. 17) is DENIED as moot; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE